United States District Court
Southern District of Texas
ENTERED

JUN 1 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD KEITH KING, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-095 |
| | § | CRIMINAL NO. B-00-437 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Donald Keith King has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence (Doc. #1). The Government has filed a Motion to Dismiss (Doc. # 6). For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED, and the Government's Motion to Dismiss should be GRANTED.

### BACKGROUND

A grand jury indicted Petitioner King on October 24, 2000, charging him with three offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B):

1) Conspiracy to possess, with intent to distribute, powder cocaine and crack cocaine;

2) Possession with intent to distribute more than 500 grams (specifically, approximately 991.8 grams) of powder cocaine; and

3) Possession with intent to distribute more than five grams (specifically, approximately 49.3 grams) of crack cocaine.

Petitioner pleaded not guilty before a United States Magistrate Judge on November 1, 2000.

On December 7, 2000, the United States District Court denied Petitioner's motion to suppress evidence of an alleged consensual search. Based both on the facts elicited during the

suppression hearing and on a stipulation of facts by the parties, the District Court found Petitioner guilty of only one of the three charges (possession of powder cocaine with intent to distribute) after a brief bench trial. The Government abandoned the other counts against King.

On March 2, 2001, the District Court sentenced the Petitioner to ninety-seven (97) months confinement, to be followed by a four-year period of supervised release. No fine was imposed, and the Court remitted the $100 special assessment upon motion by the Government.

Petitioner filed a direct appeal with the United States Court of Appeals for the Fifth Circuit. That Court affirmed Petitioner's conviction on December 11, 2001.[1] On May 8, 2002, Petitioner filed the instant motion to vacate his conviction and sentence under 28 U.S.C. § 2255, accompanied by a memorandum of points and authorities.

## ALLEGATIONS

Petitioner King raises the following issues in his § 2255 Petition:

1)  That the District Court incorrectly denied Petitioner's motion to suppress; and

2)  That his appellate counsel was ineffective for failing to challenge the suppression issue on appeal.

## ANALYSIS

Due to the fact that King filed an appeal with the Fifth Circuit Court of Appeals, which affirmed his sentence on December 11, 2001; and did not raise the issues he now raises in his federal writ, he must first show cause that would excuse his failure to raise these claims on direct appeal and actual prejudice from the errors now alleged. If he is unable to overcome this procedural bar, his § 2255 petition must be denied.

---

[1] *United States v. King*, No. 01-40292, 2001 WL 1747905 (5th Cir. Dec. 11, 2001), *cert. denied*, 122 S.Ct. 1588 (2002).

The "cause" standard requires King to show that "some objective factor external to the defense" prevented him from raising on direct appeal the claims he now advances.[2] "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to the Petitioner at the prior occasion; and (3) ineffective assistance of counsel in the constitution sense."[3]

The "prejudice" prong of the cause and prejudice test typically is analyzed by looking at some combination of actual innocence, plain error, and non-harmless constitutional error. In *Strickler v. Greene*,[4] the Supreme Court stated that in resolving the issue of prejudice, "[Petitioner] must convince us that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." Put another way, the question is whether the errors complained of could reasonably be taken to put the whole case in a different light as to undermine the confidence of the judgment and the sentence in this case.

King proffers no "cause" but does allege ineffective assistance of counsel. Ineffective assistance of counsel, if demonstrated, may satisfy the "cause" prong of Petitioner's burden. The constitutional standard for determining whether a criminal defendant has been denied the

---

[2] *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (*quoting Romero v. Collins*, 961 F.3d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645).

[3] *Id.*

[4] *Strickler v. Greene*, 527 U.S. 263, at 289 (1999).

effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[5]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[6] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[7] The courts are extremely deferential in scrutinizing the

---

[5] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[6] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

[7] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[8] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[9] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[10] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which

---

[8] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[9] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[10] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

could be classified as non-frivolous.[11] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[12] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[13]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[14] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[15] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[16] In order to

---

[11] See *Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[12] See *Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[13] See *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

[14] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

[15] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[16] *Id.*

establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[17] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[18]

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[19] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[20]

The two-part *Strickland* test also applies to the performance of counsel on appeal.[21] Where a defendant is either actually or constructively denied the assistance of counsel on appeal,

---

[17] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[18] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[19] See *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[20] See *Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[21] See *United States v. Phillips*, 210 F.3d 345, 348-50 (5th Cir. 2000); *Andrews v. Collins*, 21 F.3d at 625; *Sharp v. Puckett*, 930 F.2d 450, 451 (5th Cir. 1991); *Lofton v. Whitney*, 905 F.2d 885, 887-88 (5th Cir. 1990); and *McCoy v. Lynaugh*, 874 F.2d 954, 962-63 (5th Cir. 1989).

however, prejudice is presumed.[22] While it is true that actual or constructive denial of counsel on appeal results in a presumption of "prejudice," as that term is defined under the *Strickland* test, a claim of merely ineffective assistance by appellate counsel still requires the petitioner to satisfy the prejudice prong of that test.[23] Where a defendant's appellate counsel presented, briefed, and argued, albeit unsuccessfully, one or more non-frivolous grounds for relief on appeal, the defendant was neither actually nor constructively denied assistance of counsel on direct appeal.[24] For that reason, where a defendant's appellate counsel presented non-frivolous points of error on appeal or did not seek to withdraw from representation without filing an adequate *Anders* brief, a

---

[22] *See Penson v. Ohio*, 488 U.S. 75, 86-89, 109 S.Ct. 346, 352-54 (1988) (holding that the prejudice prong of the *Strickland* test does not apply in cases where appellate counsel withdraws without filing the brief suggested in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967)); *Hughes v. Booker*, 220 F.3d 346, 349 (5th Cir. 2000); *White v. Johnson*, 180 F.3d 648, 650 (5th Cir. 1999) (ruling that a defendant denied his right to appeal by virtue of his counsel's failure to advise him of his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal need not show prejudice); *Jackson v. Johnson*, 150 F.3d 520, 524-25 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041 (1999) (deciding that a constructive denial of counsel on appeal occurs only where counsel's ineffectiveness is so egregious as to effectively deny the defendant any meaningful assistance at all); *McDonald v. Johnson*, 139 F.3d 1056, 1058 n.1 (5th Cir. 1998), (recognizing that if petitioner can prove his counsel's ineffective assistance denied him the right to appeal, then he need not establish that he had some chance of success on appeal); *Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996) (establishing that when counsel's errors result in an actual or constructive denial of the assistance of counsel on appeal altogether, as when counsel's errors deny the defendant his right to appeal, the defendant need not prove prejudice under *Strickland*); *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (deciding the same); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (holding that complete denial of counsel on appeal, whether actual or constructive, creates presumption of prejudice); and *Moss v. Collins*, 963 F.2d 44, 47 (5th Cir. 1992), *cert. denied*, 506 U.S. 1055 (1993) (indicating that actual or constructive denial of counsel on appeal is legally presumed to result in prejudice).

[23] *See Hughes v. Booker*, 220 F.3d at 349 (revealing that a petitioner who argues that counsel failed to assert or fully brief a particular claim must show that his attorney's performance was both deficient and prejudicial); *Jackson v. Johnson*, 150 F.3d at 525; *Moss v. Collins*, 963 F.2d at 48; and *Lofton v. Whitley*, 905 F.2d at 887.

[24] *See Jackson v. Johnson*, 150 F.3d at 525; *Moss v. Collins*, 963 F.2d at 48; and *Lofton v. Whitley*, 905 F.2d at 887.

defendant must satisfy <u>both</u> prongs of the *Strickland* test in connection with his claims of ineffective assistance by his appellate counsel.[25]

In the context of evaluating the prejudice prong of *Strickland* as applied to a claim of ineffective assistance on appeal, the fairness and reliability of the appeal are necessarily functions of the fairness and reliability of the trial.[26] Satisfying the prejudice prong of *Strickland* in connection with a claim of ineffective assistance by appellate counsel requires more than a mere complaint about deficiencies in an appellate brief.[27] Appellate counsel are not required to present patently frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised.[28] "The Constitution does not require appellate counsel to raise every non-

---

[25] *See Hughes v. Booker*, 220 F.3d at 349; *United States v. Phillips*, 210 F.3d at 348-50; *Jackson v. Johnson*, 150 F.3d at 525; *Moss v. Collins*, 963 F.2d at 48; and *Lofton v. Whitley*, 905 F.2d at 887; *Lockhart v. McCotter*, 782 F.2d 1275, 1283 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987); and *Hamilton v. McCotter*, 772 F.2d 171, 181-82 (5th Cir. 1985).

[26] *See Mayabb v. Johnson*, 168 F.3d at 869 (holding that when the court finds no prejudice arising from trial counsel's failure to raise or argue a point, by extension, there cannot be any prejudice from appellate counsel's alleged error predicated on the same issue); *Jackson v. Johnson*, 150 F.3d at 525-26 (ruling that the focus on mere outcome determination at the appellate level is defective and that the presence or absence of prejudice hinges on the fairness of the trial and the reliability of the judgment of conviction resulting therefrom); *Goodwin v. Johnson*, 132 F.3d at 174 (revealing that complaints about an appellate counsel's failure to raise certain points of error on appeal did not satisfy the prejudice prong of *Strickland* where the alleged trial court errors that formed the basis for those points of error had rendered neither the trial fundamentally unfair nor the conviction or sentence unreliable); and *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[27] *See Moawad v. Anderson*, 143 F.3d 942, 946-47 (5th Cir. 1998), *cert. denied*, 525 U.S. 952 (1998) (deciding that a claim of ineffective assistance on appeal fails if the claim arose from an alleged error at trial that did not itself prejudice the defendant); *Goodwin v. Johnson*, 132 F.3d at 162, (holding the same); and *Ricaldy v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984) (ruling the same).

[28] *See United States v. Phillips*, 210 F.3d at 348 (revealing that while appellate counsel is not required to raise every non-frivolous issue, solid meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994), *cert. denied*, 512 U.S. 1289 (1994) (holding that a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of *Strickland* where all of the omitted grounds for relief on

frivolous ground that might be pressed on appeal."[29]  Appellate counsel is not ineffective solely because of failure to present every ground urged by the defendant.[30]  To prevail on a claim of ineffective assistance by appellate counsel, a petitioner must identify with specificity all grounds for relief that he claims should have been included in his appellate brief.[31]

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[32]  Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[33]  It is also unnecessary to consider whether counsel's performance was deficient where there is an

---

appeal raised by the petitioner were without merit); *Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992), *cert. denied*, 509 U.S. 926 (1993) (ruling that appellate counsel's failure to present on direct appeal from the state court's judgment certain arguments found by the federal court to be meritless did not prejudice the defendant); *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991), and *Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986), *cert. denied*, 478 U.S. 1010 (1986) (both *Wicker* and *Sharp* stand for the proposition that appellate counsel need not present every possible point of error on appeal).

[29] *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989), *cert. denied*, 493 U.S. 970 (1989).

[30] *See Ellis v. Lynaugh*, 873 F.2d at 840; *Wicker v. McCotter*, 783 F.2d at 487; and *Hamilton v. McCotter*, 772 F.2d at 182.

[31] *See Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991) (holding that generalized complaints about the quality of an appellate brief do not satisfy the prejudice prong of the *Strickland* test); and *Hamilton v. McCotter*, 772 F.2d at 182.

[32] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[33] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

insufficient showing of prejudice.[34] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[35]

Petitioner King's claim of appellate ineffective assistance of counsel is unwarranted. Although appellate counsel may not have raised every non-frivolous issue on appeal, that legal decision alone does not equate with ineffective assistance.[36] Further, a letter included in Petitioner's pleadings indicates that his appellate counsel believed that King's suppression claim was "frivolous." Petitioner's appellate counsel can not be deemed ineffective solely for not presenting every issue urged by King on direct appeal.[37] Due to the fact that Petitioner King's claims fall far short of the *Strickland* standard, he is barred from raising his suppression issue in this § 2255 Petition. Hence, his 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence must fail.

## RECOMMENDATION

Petitioner King can not show "cause" that would excuse his failure to raise his suppression claim on direct appeal. For this reason, this Court recommends that Petitioner's 28

---

[34] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[35] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

[36] *See Ellis v. Lynaugh*, 873 F.2d at 840.

[37] *See Ellis v. Lynaugh*, 873 F.2d at 840; *Wicker v. McCotter*, 783 F.2d at 487; and *Hamilton v. McCotter*, 772 F.2d at 182.

U.S.C. § 2255 Application be DENIED, and the Government's Motion to Dismiss be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[38]

DONE at Brownsville, Texas, this 13TH day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[38] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).