United States Courts
Southern District of Texas
FILED
JUN 28 2002
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD KEITH KING, Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO.B-02-095 |
| UNITED STATES OF AMERICA, Respondent. | § § § § | CRIMINAL NO.B-00-437 |

**PETITIONER'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Comes now Donald Keith King, Petitioner, Pro se, and respectfully, moves this Honorable Court to reject the proposed findings and recommendations of the Magistrate. As grounds in support, Petitioner states as follows:

First and foremost, Petitioner is proceeding pro se, therefore these forthcoming Objections should be construed liberally. Since the Petitioner cannot perform matters and methods of law as that of a Professional Lawyer, this Noble Court should view Petitioner's pleading at a lesser standard than those drafted by lawyers. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), **Oliver v. Scott**, 276 F.3d 736, 740 (5th Cir. 2002).

## OBJECTIONS

The Magistrate Judges's Report and Recommendation, which was filed on June 14, 2002, states that due to the fact that Petitioner filed an appeal with the Fifth Circuit Court of Appeals, which affirmed his sentence on December 11, 2001; and did not raise the issues he now raises in his federal writ, he must first show cause that would excuse his failure to raise these claims on direct appeal and actual prejudice from the errors now alleged. If he is unable to overcome this procedural bar, his §2255 petition must be denied.

For the purpose of the procedural default rule in a habeas corpus proceeding, "cause" is defined as something external to the Petitioner, something that cannot fairly be attributed to him that impedes his efforts to comply with the procedural rule; thus, the habeas Petitioner must demonstrate that some objective factor external to his defense prevented him from raising a particular claim. In Petitioner's original Memorandum of Law submitted in support of his §2255 Motion, Petitioner overcame the procedural default rule by demonstrating that his appeallate counsel was deficient and that his appeal was prejudiced by this deficiency. As stated in his Memorandum of Law, Petitioner sought on numerous occasions to have his appellate counsel raise the consent to search issue on appeal which was contested and preserved at the suppression hearing. Petitioner's appellate counsel had before her nonfrivolous issues which very well may have led to a reversal of Petitioner's conviction. Instead, appellate counsel chose to raise a dead issue that is unrelated to the validity of Petitioner's conviction and foreclosed in the Fifth Circuit, since Petitioner's

sentence did not exceed the Statutory Maximum.

This Court should reject the Report and Recommendation of the Magistrate Judge, and deny the Government's Motion to Dismiss, and deny Summary Judgement because Petitioner has demonstrated cause and prejudice for his appellate counsel's failure to raise the suppression issue in his direct appeal. Petitioner's ineffective assistance of counsel claims are obviously of constitutional magnitude and satisfy the cause and actual prejudice standard.

"Ineffective assistance of counsel is 'cause' for a procedural default". **Murray v. Carrier**, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). "If a procedural default is the result of ineffective assistance of counsel, the Sixth Amendment ... requires that responsibility for the default be imputed to the [government], which may not conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance." **Cuyler v. Sullivan**, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).

In this case, there is a reasonable probability that his conviction would have been reversed had he had effective assistance of appellate counsel. The Trial Judge in the instant case failed to consider each of the six factors enumerated by the Fifth Circuit in determining the voluntariness of the consent to search, and based her decision to deny Petitioner's Motion to Suppress because "it was the actions of the bus station that caused Petitioner to be detained and not the actions of the police." Had Petitioner's appellate counsel mastered the record, thoroughly research the law, and exercised judgement in identifying

the arguments that may be advanced on appeal, the suppression issue may have been reversed on appeal. **McCoy v. Court of Appeals of Wis.**, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed2d 440 (1988). The record in this case is void of any testimony or other evidence which suggest that the Petitioner was being detained because of "actions of the bus station". The appellate counsel was deficient when she failed to master the record and exercise judgement in identifying the factual disputes and arguments that should have been advanced on direct appeal.

Aside from the forementioned reason stated by the trial Judge for denying Petitioner's Motion to Suppress, there are several other issues of factual disputes which were not considered by the Magistrate Judge in his Report and Recommendation. In his §2255 Motion, Petitioner argued that his appellate counsel was ineffective in failing to raise the suppression issue. "A defendant who alleges a failure to investigate on part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the trial. **United States v. Green**, 882 F.2d 999, 1003 (5th Cir. 1989). The Petitioner in this case has provided "cause" and "prejudice" in his petition. A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal as of a right. See **Lombard v. Lynaugh**, 868 F.2d 1475, 1479 (5th Cir. 1989). In **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 LoEd.2d 674 (1984), the Supreme Court held that, in order to prove that counsel afforded unconstitutionally ineffective assistance, a petitioner must show that his attorney's performance was deficient

and that such deficiency prejudiced the defense. Id. at 687, 104 S.Ct. at 2064. The **Strickland** standard applies to claims of ineffective assistance by both trial and appellate counsel. See **United States v. Merida**, 985 F.2d 198, 202 (5th Cir.1993). This Petitioner has allege that his appellate counsel's performance was both deficient and prejudicial because she failed to raise on appeal the trial court's denial of Petitioner's Motion to Suppress. There were several factual disputes surrounding the "totality of the circumstances" factors enumerated by the Fifth Circuit. Chief amongst them is the Court's erroneous conclusion that it was the actions of the bus station that caused Petitioner to be detained. This conclusion was not supported by the record and appellate counsel was deficient in failing to raise the issue after Petitioner repeatedly requested her to do so.

The below is an itemized list of issues in dispute regarding the "totality of the circumstances" test which supports Petitioner's claim that his appellate counsel was deficient in her performance.

**Factual Disputes:**

1. The Petitioner's custodial status was not voluntary in that Officer Garcia did not ask Petitioner if he had anything illegal in his bag until he had Petitioner's bus ticket in his possession. Furthermore, as stated in the original Memorandum of Law, there is nothing in the record which serves as a factual predicate for the District Judge to conclude that the Petitioner was being detained because of actions of the bus company. The Government's answer on page 11 claims that the first prong of the

voluntariness test weighs in favor of the Prosecution. The Government based that on the testimony of Officer Garcia that, "it was the bus station that had them in line." When Officer Garcia made that statement at trial, it was in response to defense counsel's question, "and so my client wasn't free to go at that point, was he?" Officer Garcia's first response was, "no". Then he said, "I mean, it wasn't my part Sir, it was the bus station that had them in line. Tr.52. There was no testimony from the driver of the bus or the bus company to support Officer Garcia's testimony. The bus company's manager and the bus driver did not testify that the passengers could not board the bus. The first prong of the voluntariness test must weigh in favor of the Petitioner.

2. The Government contends that no coercive police procedures were used, and that the Petitioner admitted that he had not been threatened by the police. The Government is off base on both points. First, the Government in it's answer states that "as this Court noted, the mere presence of two police officers did not transform an otherwise consensual environment into a coercive one. Page 11 of Government's Answer. The Government failed to mention that the two Border Patrol agents, referred to on page 4 of it's Answer, had their guns out and visible to all of the passengers. (Tr. 51) Secondly, the Government contends that Petitioner admitted that he had not been threatened by the police. That is untrue. Petitioner was asked, "and at that time he was not threatening you in any way with a gun or a billy club or anything like that, correct?" The Petitioner responded, "no weapon, no."

6.

It is undisputable that four officers conducting checks and searches around a small bus station, two of them with guns out, one with a canine dog, that passengers standing in a line being questioned and searched is enough to make an environment coercive. Thus, the second prong also favors the Petitioner.

3. The third prong, cooperation with authorities, must also be in favor of the Petitioner. When ask if the officer could search his bag, the Petitioner asked the officer "is that necessary?" The Government suggest that Petitioner's level of cooperation with the police does not favor his argument that his consent was not voluntarily obtained. The Government reach this conclusion because Petitioner "nodded his head and stepped back".

4. The fourth prong, awareness of right to refuse consent, was never mentioned to the Petitioner. The Government wants this Court to accept the testimony of Officer Garcia that "it was not necessary" as that of advising Petitioner of his right to refuse consent. If Officer Garcia would have told Petitioner that he had a constitutional right to refuse consent, Petitioner would have refused. The Government failed also to include that the officer testified that he did not know what the Petitioner said when he put his bags down. (Tr.17)

5. The fact that Petitioner had completed High School, as well as some College courses, and spoke English fluently is in no way indicative that Petitioner understood the law and his right to refuse consent.

6. The Sixth prong, the Petitioner's belief that no incriminating evidence would be found, tilts toward the Petitioner. If the

Petitioner is as educated as the Government wants this court to believe, then he would have known that drugs would be found if a search was conducted by the police and their canine dog.

The Government claims that the crux of this issue is a pure question of credibility. That is not so. The bus Driver was never called to testify. Had he been called to testify, he would have told the Court that is is routine for the Drivers to delay the passengers until the Officers had conducted their checks and searches. This was not a one time event.Tr.10. The Bus Station was undoubtedly put on notice that drug interdiction was going to be conducted, and were told how it would be handled. The Government, nor the Court can conclude that any detainment of this Petitioner was due to actions of the bus station. The Petitioner was detained by actions of the police, either directly or indirectly.

The issues in dispute in this case can be resolved at an evidentiary hearing.

In the case at bar, Petitioner has demonstrated that the issues complained of are nonfrivolous, and thus, he need not prove prejudice since counsel's deficiency resulted in a constructively complete denial of assistance of appellate counsel. The standard **Strickland** analysis is not performed when there has been actual or constructive complete denial of any assistance of appellate counsel. See **Sharp v. Puckett**, 930 F.2d 450, 451-52 (5th Cir. 1991). "If a Petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish - as a prerequisite to habeas relief - that he had some chance of success on appeal." **United States v. Gipson**,

985 F.2d. 212, 215 (5th Cir. 1993).

Prior to trial, Petitioner moved to suppress the drugs on the grounds of illegal search and seizure. He based this Motion in part on the argument that he had been illegally detained by the actions of the police. The District Court Judge denied the Motion to Suppress and specifically found that Petitioner was detained by actions of the bus station. Petitioner has pointed out defects in this fact finding, and this Court should grant Petitioner an Evidentiary Hearing to prove that law enforcement routinely conducted drug interdiction at the bus station with the permission of the bus station supervisor, and that bus drivers believed that they could not leave until their passengers had been searched.

## Conclusion

For the reasons, the Petitioner, Donald Keith King, respectfully moves this Noble Court to reject the Report and Recommendation of the Magistrate Judge, deny the Government's Motion to Dismiss, and Motion for Summary Judgement. Petitioner further moves this Court to vacate his conviction or, in the alternative, grant Petitioner a Evidentiary Hearing to resolve all factual disputes.

Respectfully submitted,

*King*
Donald K. King, Pro se

## Certificate of Service

I hereby certify that a copy of this Petitioner's Objection to Magistrate Judge's Report and Recommendation was served via U.S. Mail on June 25, 2002, upon Respondent, at the following address:

Mitchel Neurock
Assistant United State Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Tx. 78042-1179

Donald Keith King, Pro se
Federal Corrections Complex
Medium
P.O. Box 1032
Coleman, Fl. 33521