*10*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 3 0 2002

Michael N. Milby
Clerk of Court

Donald Keith King,           )
      Petitioner,          )
                )
v.                           )    Civil Action No. B-02-095
                )    Criminal No. B-00-437
United States of America,    )
      Respondent.          )
————————————————————)

## Request for a Certificate of Appealability

The Petitioner, Donald Keith King, Pro se, respectfully request this Court to issue a Certificate of Appealability(COA) pursuant to title 28 U.S.C. §2253(c)(2), permitting King to obtain review of the denial of his Motion to Vacate his sentence (28 U.S.C. §2255).

## Question Presented for Certificate of Appealability

Whether the District Court erroneously applied the "cause" prong of the **Strickland** test without first making a factual finding that King's suppression issue was frivolous!

## MEMORANDUM IN SUPPORT OF REQUEST
## FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Donald Keith King request a Certificate of Appealability ("COA"), so that he can obtain review of the District Court's denial of his motion under 28 U.S.C. §2255 to vacate his conviction and sentence of 97 months imprisonment.

Mr. King's §2255 Motion raised two separate grounds for relief: first, the court erred in denying his Motion to Suppress, and second, he was denied his Sixth Amendment right to effective assistance of appellate counsel.

Mr. King was denied his right to effective assistance of counsel because his court-appointed attorney, Renata M. Gowie, failed to raise the non-frivolous suppression issue on appeal as he requested.

The Magistrate Judge's Report and Recommendation (adopted in full by the court) found that "although appellate counsel may not have raised every non-frivolous issue on appeal, that legal decision alone does not equate with ineffective assistance." The Magistrate cites **Ellis v. Lynaugh**, 873 F.2d 830, 840, to support its finding.

The case at bar is distinguished from **Ellis**. The appellate counsel in **Ellis** chose to concentrate on the six strongest points of error on appeal. The court ruled that was a reasonable tactic. The court concluded that **Ellis** claim was without merit because "Ellis has not directed our attention to any issues that counsel failed to raise upon which he was likely to prevail on

appeal."

In the case at bar, the attorney raised a frivolous issue on direct appeal without consulting King, and failed to file a non-frivolous issue after he specifically requested her to do so.  The fact the Magistrate's report and recommendation does not reach whether King's suppression issue is without merit, is sufficient to establish that "jurists of reason" would find it debatable whether his appellate counsel's performance was deficient when she failed to raise a non-frivolous issue on direct appeal.

In **United States v. Cronic**, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed2d 657(1984), the Court held that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."

The Court stated in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674(1984), "We held that criminal defend-dants have a Sixth Amendment right to reasonably effective legal assistance, and announced a now-familiar test:  a defendant claim-ing ineffective assistance of counsel must show (1)that counsel's representation fell below an objective standard of reasonbleness, and (2)that counsel's deficient performance prejudiced the defend-ant."  **Strickland** further held that, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."

The District Court in this case ruled that "due to the fact that Petitioner King's claims fall far short of the **Strickland**

3.

standard, he is barred from raising his suppression issue in his
§2255 petition." In this case, the record is clear and the govern-
ment concedes on page 16 in the footnote of its Response to King's
§2255 Motion, that King's trial defense counsel had adequately
preserved the suppression issue for a possible appeal. If the
trial attorney believed the issue to be meritorious enough to be
preserved for appeal, and the appellate counsel believed the issue
lack-merit, then one can only conclude that the issue is "debatable
among jurists of reason."

The District Court's finding that King proffers no "cause"
is erroneous. In his §2255 Motion, King set forth a valid argu-
ment which demonstrated that had his appellate counsel raised the
suppression issue that was properly preserved by the trial counsel,
his conviction might have been vacated.

At this stage of the proceeding, however, the question is only
whether the court's ruling should be shielded from further review.
The standard for granting a certificate of appealability, like
that for granting a certificate of probable cause to appeal under
prior law, requires the petitioner to make a substantial showing
of the denial of a federal constitutional right. See **Slack v.
McDaniels**, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542
(2000); **Miller v. Johnson**, 200 F.3d 274, 280; **Davis v. Johnson**,
158 F.3d 806, 809; **Whitehead v. Johnson**, 157 F.3d 384, 386;
**Hallmark v. Johnson**, 118 F.3d 1073, 1077(5th Cir.), cert. denied,
522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed.2d 415(1997); see also
**Barefoot v. Estelle**, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed2d
1090(1983).

4.

In making that substantial showing, the petitioner need not
establish that he should prevail on the merits.  Rather, he must
demonstrate that the issues are subject to debate among "jurists
of reason", that a court could resolve the issues in a different
manner, or the questions presented are worthy of encouragement to
proceed further.  Any doubt regarding whether to grant a certifi-
cate of appealability is resolved in favor of the Petitioner, and
the severity of the penalty may be considered in making this
determination.  See **Miller**, 200 F.3d 280-81 (citing **Fuller v.**
**Johnson**, 114 F.3d 491, 495(5th Cir.), cert. denied, 522 U.S. 963,
118 S.Ct. 399, 139 L.Ed.2d 312(1997)).

Mr. King's purpose in submitting this Memorandum of Law is
to attempt to present as concisely as possible the reasons why a
Certificate of Appealability should issue.  As such, this Memor-
andum is not, nor is it intended to be, a full and complete expli-
cation of all of the reasons that demonstrate why he is entitled
to ultimate relief on his claim, as would be done in a merits
brief.  Included with this Memorandum is a copy of a letter from
attorney Gowie stating that she did not have "any affidavits".
The letter is submitted as appendix "A".

If King would have been granted an evidentiary hearing on his
§2255 Motion, he would have established that his Appellate Counsel
did not review the entire record prior to filing his direct appeal.
The affidavits of the officers could have been used on appeal to
show the inconsistencies and contradictions of the officers testi-
monies regarding King's consent to search, and what probable
cause prompted the ultimate search.  The fact that attorney Gowie

did not have the entire record is indicative of deficient performance, because she did not fully investigate the suppression issue.

## Conclusion

King has made a substantial showing of the denial of a constitutional right because his appellate counsel was ineffective in failing to raise a nonfrivolous issue on appeal after the issue was properly preserved for appeal by King's trial counsel.

In addition, a COA should issue here because the issues presented and the court's ruling is debatable among "jurists of reason", and could be decided differently.

Respectfully submitted,

Donald Keith King

## Certificate of Service

I hereby certify that a copy of this Petitioner's Objection to Magistrate Judge's Report and Recommendation was served via U.S. Mail on September _10_, 2002, upon Respondent, at the following address:


Mitchel Neurock
Assistant United State Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Tx. 78042-1179


Donald Keith King, Pro se
Federal Corrections Complex
Medium
P.O. Box 1032
Coleman, Fl. 33521-1032

7.

**"APPENDIX A"**

# FEDERAL PUBLIC DEFENDER
## Southern District of Texas
Lyric Office Centre
Post Office Box 61508
Houston, Texas 77208-1508

**FEDERAL PUBLIC DEFENDER**
ROLAND E. DAHLIN II

**First Assistant:**
THOMAS S. BERG

October 31, 2001

**Telephone:**
**713.718.4600**

**Fax:**
**713.718.4610**

Mr. Donald Keith King
Reg. No. 94445-079
Federal Correctional Institution - Medium
846 NE. 54th Terrace
Coleman, FL 33521-8997

      Re:    <u>United States v. Donald Keith King, Fifth Cir. No. 00-40292</u>
               <u>Privileged and Confidential Attorney-Client Communication</u>

Dear Mr. King:

      This is a response to your letter dated October 18, 2001, in which you request "copies of the affidavits."

      I do not have any affidavits to send you.

                        Very truly yours,

                        RENATA GOWIE
                        Assistant Federal Public Defender
                        Southern District of Texas

RG:dm

## IN FORMA PAUPERIS DECLARATION

United States District Court **Southern**          District of     **Texas**

United States
      v.


**Donald K. King**
(Movant)

I, Donald K. King          , declare that I am the movant in the above case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to relief.

1. Are you presently employed?    Yes [x]    No [ ]

a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.  _average of $55 per month_

b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.  _N/A_

2. Have you received within the past twelve months any money from any of the following sources?

a. Business, profession or form of self-employment? Yes [ ]    No [x]
b. Rent payments, interest or dividends? Yes [ ]  No [x]
c. Pensions, annuities or life insurance payments? Yes [ ]  No [x]
d. Gifts or inheritances? Yes [ ]  No [x]
e. Any other sources? Yes [x]    No [ ]

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.  _monies from my_
_mother when she can._

3. Do you own any cash, or do you have money in a checking or savings account? Yes [ ]  No [ ] (include any funds in prison accounts) If the answer is "yes," state the total value of the items owned.  _only my employee pay for the month of_
_August. $65_

4. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property excluding ordinary household furnishings and clothing)?  Yes [ ] No [x]
   If the answer is "yes," describe the property and state its approximate value.

   _____

   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.
   Devin Simmons - son; Dearbre King - son, currently none.

   _____


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on   Sept. 10, 2002

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
10th day of  September, 20 02

_____
        Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

_____
        Signature of Movant


CERTIFICATE

I hereby certify that the movant herein has the sum of $_____ in account to his credit at the _____ Institution where he is confined.
I further certify that movant likewise has the following securities to his credit according to the records of said _____ Institution:

_____

_____

_____


_____
        Authorized Officer of Institution

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Donald Keith King,    )
      Affiant,     )
               )
v.               )
               )
United States of America, )
      Respondent. )
               )

Civil No. B-02-095
Criminal No. B-00-437

**Affidavit in Support of Petition**
**For Leave to Proceed in Forma Pauperis**

Comes now Affiant, Donald Keith King, and swears and affirms the following in support of his Petition for Leave to Proceed in Forma Pauperis in the Certificate of Appealability proceedings:

1. Affiant is incarcerated.
2. Affiant is without financial support from the community with which to defray costs fo filings fees, etc..
3. Affiant has made [a] truthful assertion[s] in his Motion to Vacate that entitles him to the relief requested.

Further Affiant sayeth naught.

FCC Coleman, Florida  Sumter County
Subscribed and sworn before me this
10 day of September, 2002

Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004)

Donald K. King
#94445-079

State of Florida
County of Sumter:

Personally appeared and was sworn, came affiant Donald Keith King, known to me or having provided sufficient proof of identity and did affirm the foregoing to be true and correct.

Notary Public

```
                           ACCOUNT
0                          STATEMENT
FCC COLEMAN - LIMITED OFFICAL USE          DATE 09/10/02
846 NE 54TH TERRACE                        PAGE No.01
COLEMAN FL 33521
```

Account # 94445079

KING DONALD L
C 1-2

| ---BEGINNING--- | AVAILABLE BALANCE | ENCUMBRANCE BALANCE | OUTSTANDING BALANCE | SPECIAL BALANCE | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| | 10.28 | .00 | .00 | .00 | 10.28 |

| INVOICE | TIME | DATE | TRANSACTION DESCRIPTION | AMOUNT | |
|---|---|---|---|---|---|
| T00825 | 12:08 | 10-03-01 | MONEY ORDER | 40.00 | 50.28 |
| 000106 | 19:15 | 10-04-01 | SALE / REGULAR | 25.20- | 25.08 |
| SEP01P | 9:22 | 10-05-01 | PERFORMANCE PAY | 25.08 | 50.16 |
| SEP01P | 9:22 | 10-05-01 | PERFORMANCE PAY | 5.25 | 55.41 |
| FRPOCT | 10:16 | 10-05-01 | FIN. RESP. ACT | 25.00- | 30.41 |
| 000136 | 19:10 | 10-09-01 | SALE / REGULAR | 4.56- | 25.85 |
| 7F4946 | 20:09 | 10-13-01 | DEPOSIT ITS FUNDS | 3.00- | 22.85 |
| 000037 | 14:46 | 10-22-01 | SALE / REGULAR | 3.10- | 19.75 |
| 000025 | 13:50 | 10-25-01 | SALE / REGULAR | 19.65- | .10 |
| T06136 | 11:25 | 10-29-01 | MONEY ORDER | 75.00 | 75.10 |
| 000030 | 15:19 | 10-30-01 | SALE / REGULAR | 1.55- | 73.55 |
| 000042 | 15:08 | 11-01-01 | SALE / REGULAR | 41.25- | 32.30 |
| 000043 | 15:12 | 11-01-01 | SALE / REGULAR | 25.55- | 6.75 |
| 000022 | 15:07 | 11-05-01 | SALE / REGULAR | 3.10- | 3.65 |
| 000027 | 15:19 | 11-08-01 | SALE / REGULAR | 3.10- | .55 |
| OCT01P | 9:48 | 11-09-01 | PERFORMANCE PAY | 43.02 | 43.57 |
| SEP01P | 10:23 | 11-09-01 | PERFORMANCE PAY | 25.08- | 18.49 |
| 000029 | 15:25 | 11-13-01 | SALE / REGULAR | 9.70- | 8.79 |
| 000033 | 15:33 | 11-13-01 | SALE / REGULAR | 7.60- | 1.19 |
| 000038 | 15:40 | 11-13-01 | SALE / REGULAR | 1.02- | .17 |
| T12340 | 12:56 | 11-28-01 | MONEY ORDER | 75.00 | 75.17 |
| 000140 | 19:04 | 11-29-01 | SALE / REGULAR | 40.40- | 34.77 |
| 000141 | 19:07 | 11-29-01 | SALE / REGULAR | 5.35- | 29.42 |
| 000037 | 13:58 | 12-03-01 | SALE / REGULAR | 6.20- | 23.22 |
| T13819 | 9:21 | 12-04-01 | MONEY ORDER | 20.00 | 43.22 |
| 000040 | 14:19 | 12-06-01 | SALE / REGULAR | 32.35- | 10.87 |
| NOV01P | 8:38 | 12-07-01 | PERFORMANCE PAY | 17.64 | 28.51 |
| FRPDEC | 9:25 | 12-07-01 | FIN. RESP. ACT | 25.00- | 3.51 |
| 000081 | 14:29 | 12-12-01 | SALE / REGULAR | 3.10- | .41 |
| T17625 | 10:10 | 12-19-01 | MONEY ORDER | 50.00 | 50.41 |
| 000013 | 13:19 | 12-20-01 | SALE / REGULAR | 42.05- | 8.36 |
| 000015 | 13:20 | 12-20-01 | SALE / REGULAR | 5.05- | 3.31 |
| T18956 | 10:55 | 12-21-01 | MONEY ORDER | 50.00 | 53.31 |
| 93398E | 18:26 | 12-25-01 | DEPOSIT ITS FUNDS | 5.00- | 48.31 |
| T19357 | 9:53 | 12-26-01 | MONEY ORDER | 25.00 | 73.31 |
| 000082 | 13:33 | 12-31-01 | SALE / REGULAR | 59.10- | 14.21 |
| 000015 | 14:22 | 01-03-02 | SALE / REGULAR | 12.80- | 1.41 |
| DEC02P | 8:36 | 01-04-02 | PERFORMANCE PAY | 42.63 | 44.04 |
| 000041 | 13:57 | 01-07-02 | SALE / REGULAR | 36.10- | 7.94 |
| 000043 | 14:02 | 01-07-02 | SALE / REGULAR | 2.00- | 5.94 |
| 000125 | 18:48 | 01-07-02 | SALE / REGULAR | 5.80- | .14 |

                              ACCOUNT
                             STATEMENT
0
FCC COLEMAN - LIMITED OFFICAL USE            DATE 09/10/02
846 NE 54TH TERRACE                          PAGE No.02
COLEMAN FL 33521


                                        Account # 94445079


          KING DONALD L
          C 1-2


| INVOICE | TIME | DATE | TRANSACTION DESCRIPTION | AMOUNT | |
|---------|------|------|-------------------------|--------|-----|
| T24877 | 12:11 | 01-14-02 | MONEY ORDER | 30.00 | 30.14 |
| 000064 | 17:40 | 01-14-02 | SALE / REGULAR | 24.95- | 5.19 |
| 000085 | 17:45 | 01-14-02 | SALE / REGULAR | 5.00- | .19 |
| T28085 | 9:00 | 01-30-02 | MONEY ORDER | 100.00 | 100.19 |
| 000043 | 17:27 | 01-30-02 | SALE / REGULAR | 83.95- | 16.24 |
| 000028 | 14:13 | 02-04-02 | SALE / REGULAR | 15.75- | .49 |
| 000029 | 14:14 | 02-04-02 | SALE / REGULAR | .45- | .04 |
| JAN02P | 9:43 | 02-08-02 | PERFORMANCE PAY | 63.86 | 63.90 |
| 000048 | 14:48 | 02-11-02 | SALE / REGULAR | 60.45- | 3.45 |
| 000050 | 15:04 | 02-21-02 | SALE / REGULAR | 3.20- | .25 |
| T34116 | 12:24 | 02-22-02 | MONEY ORDER | 100.00 | 100.25 |
| 000007 | 13:30 | 02-25-02 | SALE / REGULAR | 95.35- | 4.90 |
| 000009 | 13:33 | 02-25-02 | SALE / REGULAR | 4.50- | .40 |
| 000054 | 14:02 | 02-28-02 | SALE / REGULAR | .40- | .00 |
| T37360 | 7:50 | 03-07-02 | MONEY ORDER | 40.00 | 40.00 |
| 000089 | 18:46 | 03-07-02 | SALE / REGULAR | 31.70- | 8.30 |
| FEB02P | 7:34 | 03-08-02 | PERFORMANCE PAY | 62.92 | 71.22 |
| T37693 | 7:46 | 03-08-02 | MONEY ORDER | 10.00 | 81.22 |
| FRPMAR | 9:47 | 03-08-02 | FIN. RESP. ACT | 25.00- | 56.22 |
| 000084 | 18:22 | 03-11-02 | SALE / REGULAR | 54.65- | 1.57 |
| 000109 | 19:07 | 03-11-02 | SALE / REGULAR | .40 | 1.97 |
| 000049 | 14:16 | 03-14-02 | SALE / REGULAR | 1.80- | .17 |
| T41058 | 10:40 | 03-21-02 | MONEY ORDER | 100.00 | 100.17 |
| 000131 | 19:10 | 03-21-02 | SALE / REGULAR | 69.25- | 30.92 |
| ADA859 | 10:52 | 03-23-02 | DEPOSIT ITS FUNDS | 3.00- | 27.92 |
| AE3F98 | 18:50 | 03-25-02 | DEPOSIT ITS FUNDS | 2.00- | 25.92 |
| AEB264 | 20:04 | 03-27-02 | DEPOSIT ITS FUNDS | 3.00- | 22.92 |
| AF5098 | 16:59 | 03-30-02 | DEPOSIT ITS FUNDS | 2.00- | 20.92 |
| 000118 | 17:28 | 04-02-02 | SALE / REGULAR | 17.60- | 3.32 |
| T43978 | 13:11 | 04-03-02 | MONEY ORDER | 40.00 | 43.32 |
| 000144 | 19:04 | 04-03-02 | SALE / REGULAR | 19.00- | 24.32 |
| 000060 | 15:09 | 04-04-02 | SALE / REGULAR | 20.00- | 4.32 |
| MAR02P | 7:52 | 04-05-02 | PERFORMANCE PAY | 58.50 | 62.82 |
| 000106 | 15:00 | 04-09-02 | SALE / REGULAR | 52.55- | 10.27 |
| 000078 | 15:03 | 04-09-02 | SALE / REGULAR | 10.00- | .27 |
| T49248 | 12:09 | 04-25-02 | MONEY ORDER | 140.00 | 140.27 |
| 000054 | 14:56 | 04-29-02 | SALE / REGULAR | 20.00- | 120.27 |
| 000077 | 13:46 | 04-30-02 | SALE / REGULAR | 90.40- | 29.87 |
| 000138 | 18:03 | 04-30-02 | SALE / REGULAR | 24.80- | 5.07 |
| 000099 | 17:29 | 05-07-02 | SALE / REGULAR | 4.70- | .37 |
| T52287 | 9:00 | 05-09-02 | MONEY ORDER | 50.00 | 50.37 |
| 000062 | 17:20 | 05-09-02 | SALE / REGULAR | 20.00- | 30.37 |
| 000131 | 19:46 | 05-09-02 | SALE / REGULAR | 1.50- | 28.87 |
| 000132 | 19:48 | 05-09-02 | SALE / REGULAR | 6.80- | 22.07 |

```
                          ACCOUNT
0                        STATEMENT
FCC COLEMAN - LIMITED OFFICAL USE          DATE 09/10/02
846 NE 54TH TERRACE                        PAGE No.03
COLEMAN FL 33521
```

Account # 94445079

KING DONALD L
C 1-2

| INVOICE | TIME | DATE | TRANSACTION DESCRIPTION | AMOUNT | |
|---------|------|------|--------------------------|--------|------|
| APR02P | 8:13 | 05-10-02 | PERFORMANCE PAY | 62.85 | 84.92 |
| 000034 | 14:08 | 05-13-02 | SALE / REGULAR | 20.00- | 64.92 |
| 000053 | 15:01 | 05-14-02 | SALE / REGULAR | 30.00- | 34.92 |
| T54781 | 11:39 | 05-17-02 | MONEY ORDER | 50.00 | 84.92 |
| 000080 | 14:04 | 05-21-02 | SALE / REGULAR | 76.70- | 8.22 |
| C1959F | 20:16 | 05-27-02 | DEPOSIT ITS FUNDS | 3.00- | 5.22 |
| 000045 | 17:10 | 05-28-02 | SALE / REGULAR | 5.00- | .22 |
| MAY02P | 7:14 | 06-07-02 | PERFORMANCE PAY | 48.00 | 48.22 |
| JUNFRP | 9:24 | 06-07-02 | FIN. RESP. ACT | 25.00- | 23.22 |
| T60047 | 13:14 | 06-07-02 | MONEY ORDER | 45.00 | 68.22 |
| 000063 | 15:21 | 06-11-02 | SALE / REGULAR | 58.85- | 9.37 |
| 000125 | 19:38 | 06-18-02 | SALE / REGULAR | 9.16- | .21 |
| T63531 | 9:35 | 06-21-02 | MONEY ORDER | 25.00 | 25.21 |
| T65852 | 13:58 | 07-01-02 | MONEY ORDER | 50.00 | 75.21 |
| 000009 | 13:15 | 07-02-02 | SALE / REGULAR | 72.15- | 3.06 |
| JUN02P | 9:12 | 07-05-02 | PERFORMANCE PAY | 73.07 | 76.13 |
| 000118 | 19:32 | 07-10-02 | SALE / REGULAR | 75.80- | .33 |
| T71459 | 13:39 | 07-23-02 | MONEY ORDER | 100.00 | 100.33 |
| 000026 | 13:57 | 07-24-02 | SALE / REGULAR | 100.25- | .08 |
| JUL02P | 7:19 | 08-09-02 | PERFORMANCE PAY | 57.63 | 57.71 |
| 000242 | 19:55 | 08-14-02 | SALE / REGULAR | 51.10- | 6.61 |
| 000051 | 19:01 | 08-21-02 | SALE / REGULAR | 5.40- | 1.21 |
| 000114 | 14:49 | 08-28-02 | SALE / REGULAR | 1.00- | .21 |
| T81206 | 13:26 | 08-30-02 | MONEY ORDER | 50.00 | 50.21 |
| 000017 | 14:27 | 09-03-02 | SALE / REGULAR | 49.85- | .36 |
| AUG02P | 8:41 | 09-06-02 | PERFORMANCE PAY | 64.66 | 65.02 |

**** TRANSACTION TOTAL ****    54.74

| -----ENDING----- | AVAILABLE BALANCE | ENCUMBRANCE BALANCE | OUTSTANDING BALANCE | SPECIAL BALANCE | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| | 65.02 | .00 | .00 | .00 | 65.02 |