UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD KEITH KING,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-095 |
| | § | CRIMINAL NO. B-00-437 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Donald Keith King's Application for a Certificate of Appealability (Doc. #10). Petitioner's Request for a Certificate of Appealability (Doc. #10) should be DENIED.

### BACKGROUND

A grand jury indicted Petitioner King on October 24, 2000, charging him with three offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B):

1)   Conspiracy to possess, with intent to distribute, powder cocaine and crack cocaine;

2)   Possession with intent to distribute more than 500 grams (specifically, approximately 991.8 grams) of powder cocaine; and

3)   Possession with intent to distribute more than five grams (specifically, approximately 49.3 grams) of crack cocaine.

Petitioner pleaded not guilty before a United States Magistrate Judge on November 1, 2000.

On December 7, 2000, the United States District Court denied Petitioner's motion to suppress evidence of an alleged consensual search. Based both on the facts elicited during the suppression hearing and on a stipulation of facts by the parties, the District Court found

Petitioner guilty of only one of the three charges (possession of powder cocaine with intent to distribute) after a brief bench trial. The Government abandoned the other counts against King.

On March 2, 2001, the District Court sentenced the Petitioner to ninety-seven (97) months confinement, to be followed by a four-year period of supervised release. No fine was imposed, and the Court remitted the $100 special assessment upon motion by the Government.

Petitioner filed a direct appeal with the United States Court of Appeals for the Fifth Circuit. That Court affirmed Petitioner's conviction on December 11, 2001.[1] On May 8, 2002, Petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, accompanied by a memorandum of points and authorities. The district court denied his petition by written order on July 11, 2002. Petitioner now asks this court for a Certificate of Appealability.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[2] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed

---

[1] *United States v. King*, No. 01-40292, 2001 WL 1747905 (5th Cir. Dec. 11, 2001), *cert. denied*, 122 S.Ct. 1588 (2002).

[2] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

after the effective date of the AEDPA.³ Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.⁴ Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.⁵ A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.⁶

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.⁷ To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are

---

³ See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

⁴ See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

⁵ See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

⁶ See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

⁷ See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

adequate to deserve encouragement to proceed further.[8] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[9]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[10] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[11]

In this case, Petitioner King can not make a substantial showing of a denial of a constitutional right. Petitioner only claims that the district court erroneously applied the "cause" prong to the *Strickland* test without first making a factual finding that King's suppression issue was frivolous. However, Petitioner King does not demonstrate that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of

---

[8] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[9] Alexander v. Johnson, 211 F.3d at 898.

[10] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[11] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

the issues he raised in his § 2255 petition differently. Therefore, these proceedings should not proceed and Petitioner King's Request for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[12]

DONE at Brownsville, Texas, this _22_ day of October, 2002.

Felix Recio
United States Magistrate Judge

---

[12] See Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD KEITH KING,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-095 |
| | § | CRIMINAL NO. B-00-437 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Request for a Certificate of Appealability (Doc. #10) is hereby DENIED. The United States District Clerk's Office is hereby ORDERED to close this case.

DONE at Brownsville, Texas this _____ day of _____, 2002.

Hilda Tagle
United States District Judge